## In re CONSECO LIFE INSURANCE CO. COST OF INSURANCE LITIGATION

Edward M. Medvene, et al. v. Conseco Life Insurance Co., C.D. California, C.A. No. 2:04-846

David Barton v. Conseco Life Insurance Co., S.D. Florida, C.A. No. 1:04-20048

Donald King, etc. v. Conseco Life Insurance Company, N.D. Ohio, C.A. No. 1:04-163

No. 1610.

Judicial Panel on Multidistrict Litigation.

June 23, 2004.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, BRUCE M. SELYA, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, Jr., and KATHRYN H. VRATIL, Judges of the Panel.

### TRANSFER ORDER

WM. TERRELL HODGES, Chairman.

This litigation currently consists of three actions pending, respectively, in the Central District of California, the Southern District of Florida and the Northern District of Ohio.[1] Before the Panel is a motion brought, pursuant to 28 U.S.C. § 1407, by defendant Conseco Life Insurance Company (Conseco) for coordinated or consolidated pretrial proceedings of these actions in the Southern District of Indiana. In a footnote to its reply brief, Conseco states that it would support the Central District of California as transferee district, in the event the Panel determines to order transfer to a district other than the Southern District of Indiana. Plaintiff in a potential tag-along action in the Southern District of Indiana supports the motion for transfer to that district with respect to the pending class actions, but takes no position on transfer of the individual actions. Plaintiffs in a potential tag-along action in the Central District of California oppose the

---

1. The parties have notified the Panel of eight related actions pending as follows: two actions each in the Central District of California, the Northern District of California, and the Southern District of Indiana; and one action each in the Southern District of California and the Northern District of Illinois. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199

F.R.D. 425, 435–36 (2001). The motion before the Panel as originally filed also pertained to an action in the Southern District of California, *Sidney H. Levine, et al. v. Conseco Life Insurance Co., et al.*, S.D. California, C.A. No. 3:04–125. That action was remanded to state court, and, accordingly, the question of Section 1407 transfer with respect to the action is moot.

motion to the extent it seeks transfer to a district other than the Central District of California. All other responding plaintiffs opposed the motion in their pleadings. In the event the Panel orders transfer over their opposition, these plaintiffs offer various suggestions for transferee district including the Central District of California, the Middle District of Florida, and the Southern District of Florida. Finally, if the Panel is inclined to grant the motion for transfer, plaintiffs in the Central District of California action ask the Panel to issue an injunction against Conseco.

■ On the basis of the papers filed and hearing session held, the Panel finds that these three actions involve common questions of fact, and that centralization under Section 1407 in the Central District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions name the same, common defendant, Conseco, and share questions of fact arising out of Conseco's decision to change its method of calculating monthly deductions on certain of its life insurance policies. Specifically, plaintiffs allege that Conseco increased the monthly deductions for policies of universal life insurance in breach of the plain language of those policies. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery; prevent inconsistent rulings on pretrial motions, including those with respect to class certification; and con-serve the resources of the parties, their counsel and the judiciary.

■ We are persuaded that the Central District of California is an appropriate transferee forum for this litigation. We note that i) a plurality of the actions is pending in the Central District of California; ii) plaintiffs in all three actions before the Panel support the Central District of California as their first or second choice for transferee district, in the event the Panel orders transfer; and iii) similarly, Conseco offers the Central District of California as its alternative choice for transferee district.

Plaintiffs in the Central District of California action request injunctive relief from the Panel. We find, however, that this matter is more appropriately addressed to the transferee judge.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions pending outside the Central District of California are transferred to the Central District of California and, with the consent of that court, assigned to the Honorable A. Howard Matz for coordinated or consolidated pretrial proceedings with the action pending in that district.

IT IS FURTHER ORDERED that the request for injunctive relief is denied.